UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Ezra Ryu     Nathaniel Crowden

**Proceedings:**    ZOOM HEARING RE: DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT (Dkt. 13, filed on November 13, 2023)

## I. INTRODUCTION

Presently before the Court is defendant's motion to dismiss and/or strike portions of plaintiff's complaint. Dkt. 13 ("MTD").

On July 31, 2023, plaintiff David Velador filed a suit against defendant Mercedes-Benz USA, LLC and Does 1 through 10 in the Superior Court of the State of California for the County of Los Angeles alleging (1) violation of subdivision (d) of Civil Code Section 1793.2 for failure to replace/pay restitution for a vehicle that the manufacturer was unable to repair; (2) violation of subdivision (b) of Civil Code Section 1793.2 for failure to repair/conform the vehicle in a reasonable time or within thirty days; (3) violation of subdivision (a)(3) of Civil Code Section 1793.2 for failing to make available service literature and replacement parts during the express warranty period; (4) breach of express written warranty in violation of Civil Code Section 1794; and (5) breach of the implied warranty of merchantability in violation of Civil Code Section 1791.1. Dkt. 1-1 ("Compl."). On September 7, 2023, plaintiff removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On November 13, 2023, defendant filed the instant motion to dismiss and/or strike portions of plaintiff's complaint. On December 27, 2023, plaintiff filed an opposition. Dkt. 17 ("Opp."). On January 8, 2024, defendant filed a reply. Dkt. 18 ("Reply").

On January 22, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

## II. BACKGROUND

On October 12, 2021, plaintiff purchased a pre-owned 2020 Mercedes-Benz A220W (the "Vehicle") that was manufactured by defendant Mercedes-Benz USA ("MBUSA"). See Compl. ¶ 5. Plaintiff purchased the Vehicle from Mercedes-Benz of Oxnard, an authorized Mercedes-Benz dealer located in Ventura County, California. Dkt. 1 at 2. He allegedly received "an express written warranty in which [d]efendant . . . undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time."[1] Compl. ¶ 9. The warranty also allegedly provided that, "in the event a defect developed with the Vehicle during the warranty period, [p]laintiff could deliver the Vehicle for repair services to a repair shop and the Vehicle would be repaired." Id.

Plaintiff contends that, after he took possession of the Vehicle and during the warranty period, the Vehicle contained or developed a defective body system, powertrain system, safety system, electrical system, braking system, and noise system. Id. ¶¶ 10-11. He alleges that he "provided [d]efendant . . . sufficient opportunity to service or repair the Vehicle" but defendant was "unable and/or failed to service or repair the Vehicle within a reasonable number of attempts." Id. ¶¶ 13-14. He now brings this suit seeking actual damages, restitution, civil penalties, consequential and incidental damages, attorneys' fees, prejudgment interest, and any other relief the Court may deem proper. Id. at 8.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v.

---

[1] As plead in the complaint, it is unclear whether the "express written warranty" is a reference to the original warranty that MBUSA issued for the Vehicle or to a *new* express warranty that MBUSA issued upon re-sale of the Vehicle to plaintiff. The Retail Installment Sales Contract and Buyer's Guide attached to the instant motion do not appear to show that a new express warranty was issued upon re-sale of the Vehicle. See dkt. 13-2 at 1, 7. Accordingly, for the purposes of this motion, the Court assumes that the phrase "express written warranty" in paragraph 9 of plaintiff's complaint refers to the original warranty that MBUSA issued for the Vehicle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                         'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.  DISCUSSION

### A.  Plaintiff's Claim for Failure to "Refund-or-Replace" in Violation of Civil Code § 1793.2(d)

Section 1793.2(d)(2) of the Song-Beverly Consumer Warranty Act requires a manufacturer to replace a "new motor vehicle" or make restitution to the vehicle's buyer if the manufacturer is unable to service or repair the vehicle. Cal. Civ. Code § 1793.2(d)(2). A "new motor vehicle" is defined, in part, as including "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." Id. at § 1793.22(e)(2). "A demonstrator is a vehicle assigned by a dealer for the purpose of demonstrating qualities and characteristics common to vehicles of the same or similar model and type." Id.

MBUSA argues that Velador cannot sue for breach of express warranty because the Vehicle is not a "new motor vehicle" within the meaning of the Song-Beverly Act. MTD at 9. In support, it cites Rodriguez v. FCA US., LLC, 77 Cal. App. 5th 209 (2022), where the California Court of Appeal found that "the phrase 'other motor vehicles sold with a manufacturer's new car warranty' refers to cars sold with a full warranty, not to previously sold cars accompanied by some balance of the original warranty." Id. at 225. Here, MBUSA contends that Velador purchased the Vehicle as "a used vehicle," "does not allege that the [V]ehicle was a 'demonstrator,'" and "does [not] allege that [he] received a full and new vehicle warranty with the purchase of the [V]ehicle." MTD at 11. Thus, Velador's cause of action under Section 1793.2(d) is allegedly barred.

MBUSA also preemptively distinguishes Jensen v. BMW of North America, Inc., 35 Cal. App. 4th 112 (1995) and Kiluk v. MercedesBenz, USA LLC, 43 Cal. App. 5th 334 (2019). MTD at 12. It argues that the plaintiff in Jensen was permitted to sue a manufacturer under Song-Beverly because "the used vehicle in question was sold as a demonstrator vehicle with a *full new vehicle warranty*, as opposed to the remainder of the original express warranty" as alleged in this case. Id. at 13 (emphasis added). Additionally, it argues that the plaintiff in Kiluk was permitted to sue the manufacturer because the manufacturer "'stepped into the role of a retailer' when it 'partnered with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL              'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

dealership to sell used vehicles directly to the public by offering an express warranty as part of the sales package.'" Id. It contends that here, in contrast, Velador does not allege that he "was provided with any new, additional warranty, over and above any remainder of the original new vehicle warranty, such as a certified preowned warranty like in Kiluk." Id. at 13-14.

In opposition, Velador argues that "long-standing precedent provides standing to consumers who purchase a vehicle with a balance on the manufacturer's express warranty to seek redress for breach of that warranty under the [Song-Beverly Act]." Opp. at 7 (citing Jensen, 35 Cal. App. 4th at 113). He notes that the Rodriguez court "did not address the situation where a *manufacturer affiliated dealer* sold a used car" as is the case here.[2] Id. at 8. He contends that the "affiliation of the selling dealership" is important because "affiliated dealerships can sell manufacturer certified pre-owned vehicles thereby re-warranting the vehicle whereas unaffiliated dealerships cannot." Id. Here, Velador cites to Section I(2) of his Retail Installment Sales Contract and claims that "he purchased a MBUSA Service Contract or Extended Warranty." Id. He also notes that the Buyer's Guide attached as Exhibit A in defendant's motion clearly indicates that the "manufacturer's warranty still applies to the [] [V]ehicle." Id. at 9. Velador claims that the Court should adopt Jensen's holding because "its rationale is rooted in public policy and furthers the Legislature's intent." Id. Specifically, he argues that the legislature expanded the definition of "new motor vehicle" to include "other motor vehicle[]s sold with a manufacturer's new car warranty" as a part of a "systematic[] attempt to address warranty problems unique to motor vehicles, including transferability." Id. (quoting Jensen, 35 Cal. App. 4th at 124).

In reply, MBUSA again argues that plaintiff "cannot assert Song-Beverly claims against MBUSA, the *original* manufacturer and/or distributor of the [V]ehicle when it was brand-new." Reply at 3 (emphasis in original). It asserts that it "was not in any way connected to [p]laintiff's purchase of the vehicle when it was used and did not provide any full new warranty as part of [p]laintiff's purchase." Id. It notes that "a review of the Retail Sales Installment Contract, on p.2, §I(2) thereof, shows definitively that no service contract or extended warranty was purchased or included in the sale of the [] Vehicle."

---

[2] Velador further distinguishes Rodiguez as being decided on a motion for summary judgment. Opp. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

Id. It again distinguishes Jensen as a case where the plaintiff "purchased a Certified Pre-Owned 'CPO' vehicle, which the instant [p]laintiff did not." Id. at 4.

The Court finds that Velador did not purchase a "new motor vehicle" within the meaning of the Song-Beverly Act. Under California law, used cars purchased with some balance remaining on the manufacturer's express warranty are not considered "new motor vehicle[s]," unless such vehicles are dealer-owned, demonstrators, and/or are re-sold with new and additional express warranties. See Rodriguez, 77 Cal. App. 5th at 215. Here, Velador has not alleged that he received any new/additional express warranties from MBUSA when he purchased the Vehicle. Accordingly, the Court **GRANTS** MBUSA's motion to dismiss plaintiff's claim for violation of § 1793.2(d).

**B.    Plaintiff's Claims for Violations of Civil Code § 1793.2(b), § 1793.2(a)(3), and § 1791.2(a).**

Section 1793.2 of the Song-Beverly Act is titled "Consumer good manufacturers; express warranties; service and repair facilities." Cal. Civ. Code § 1793.2. Subsection (b) requires a manufacturer to "service[] or repair[] goods" in conformance with "the applicable warranties within 30 days." Id. at § 1793.2(b). Subsection (a)(3) requires "manufacturer[s] of *consumer goods* . . . for which the manufacture has made an express warranty" to "[m]ake available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." Id. at § 1793.2(a)(3) (emphasis added). Section 1791.2(a) defines an express warranty as a "written statement arising out of a sale to the consumer of a *consumer good* pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance." Id. at § 1791.2(a)(1) (emphasis added).

MBUSA argues that Velador's cause of action for violation of § 1793.2(b) is barred by Rodriguez because the Vehicle is not a "new motor vehicle." MTD at 12. To the extent that Sections 1793.2(b), 1793.2(a)(3), and 1791.2(a) apply to manufacturers of "consumer goods" rather than the category of "new motor vehicle[s]," MBUSA argues that the Vehicle is not a "consumer good." Section 1791 defines consumer goods as "any *new* product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." Cal. Civ. Code at § 1791(a) (emphasis added). Here, MBUSA claims that the "Vehicle was not sold or leased as a *new* vehicle to [p]aintiff and thus [p]laintiff's claims fail." MTD at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

Additionally, MBUSA contends that Velador also fails to state a claim for violation of § 1793.2(b) because he "fails to allege that any individual repair attempt was not completed within thirty days" and "does not provide any details regarding any alleged repair attempts, [such as] the dates, the number of days down, or what work was performed for these alleged visits." Id. at 18. MBUSA also claims that Velador has failed to adequately state a claim for violation of § 1793.2(a)(3) because "there is no authority to support the notion that this alleged violation[] [is a] separately-actionable claim[]." Id. at 21. Finally, MBUSA asserts that Velador failed to allege any damage that he suffered as a result of MBUSA's alleged "(1) failure to repair, (2) the thirty-day delay . . . , or (3) the unavailability of parts/literature." Id.

In opposition, Velador argues that he has alleged sufficient facts to sustain his claim for relief under § 1793.2(b) "[a]t this pleading stage." Opp. at 12. He notes that he "alleged that he purchased his used vehicle from a MBUSA dealership that was accompanied by [d]efendant's warranty . . . , that it was delivered for repairs of defects to an MBUSA authorized repair facility . . . , and that the vehicle was not conformed to warranty within a reasonable time or thirty days." Id. at 11.

In reply, MBUSA argues that the complaint "asserts only vague, conclusory statements and does not allege any of the material facts necessary to support his cause of action." Reply at 6.

The Court finds that Velador did not purchase a "consumer good" within the meaning of the Song-Beverly Act. Sections 1793.2(a)(3) and 1791.2(a) explicitly apply to manufacturers of "consumer goods," which are defined as "new product[s]." See Cal. Civ. Code § 1791(a). While Section 1793.2(b) refers to manufacturers of "goods" rather than "consumer goods" specifically, it appears under the broader heading of Section 1793.2 titled, in part, "Consumer good manufacturers." See id. at § 1793.2. Here, Velador does not allege that he purchased a "new" vehicle and therefore lacks standing to bring these claims.[3] Accordingly, the Court **GRANTS** MBUSA's motion to dismiss

---

[3] Even if Velador had standing to bring a claim for violation of § 1793.2(b), his claim would separately be dismissed for failure to adequately plead specific facts regarding alleged repair attempts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

plaintiff's claims for violations of Civil Code § 1793.2(b), § 1793.2(a)(3), and § 1791.2(a).[4]

### C. Plaintiff's Claim for Breach of Implied Warranty of Merchantability in Violation of Civil Code § 1791.1.

MBUSA argues that plaintiff cannot bring a claim for breach of the implied warranty of merchantability because "only distributors or sellers of *used* goods—not manufacturers of *new* goods—have implied warranty obligations in the sale of *used goods*." MTD at 14 (quoting Nunez v. FCA US LLC, 61 Cal. App. 5th 385, 399 (2021)) (emphasis in original). Here, there are allegedly "no allegations that MBUSA . . . sold or distributed the [Vehicle] *as a used vehicle*, to plaintiff." MTD at 15. Rather, Velador alleges that he "purchased the vehicle from the MBUSA authorized dealership, Mercedes-Benz of Oxnard." Id. Additionally, MBUSA notes that Civil Code § 1795.5 governs "the obligation of a distributor or retail seller of used consumer goods *in a sale in which an express warranty is given*." Id. at 16 (emphasis in original). It contends that the consumer protections guaranteed by the statute only "apply against the party who sold the product to the buyer *and* issued the express warranty." Id. (quoting Rodriguez, 77 Cal. App. 5th at 218) (emphasis in original). Here, MBUSA claims that it did not provide Velador with an implied warranty "for the [] Vehicle when he purchased it because there was not a new express warranty that was . . . provided in connection with . . . [p]laintiff's purchase." Id.

In opposition, Velador argues that he "plead sufficient facts to state his cause of action [for breach of the implied warranty] when he alleged he purchased the subject vehicle from a[n] MBUSA authorized dealership . . . , that express warranties accompanied the sale of the subject vehicle . . . , and that the subject vehicle was not fit for the ordinary purposes that such goods are used." Opp. at 15. He contends that, "[w]here a manufacturer sells directly to the public, . . . it takes on the role of a retailer

---

[4] The parties also disagree as to whether Velador is entitled to restitution, replacement or civil penalties under Civil Code § 1794 for violations of § 1793.2(b) and/or § 1793.2(a)(3). MTD at 19; Opp. at 12. Because the Court dismisses Velador's claims, it does not address the parties' arguments regarding the remedies available under § 1794 at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07439-CAS-SSCx | Date | January 22, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes-Benz USA, LLC et al. | | |

and is subject to the obligations of California Civil Code Section 1795.5." Id. at 15 (citing Kiluk, 43 Cal. App. 5th at 340).

In reply, MBUSA again argues that plaintiff "does not allege that MBUSA was the distributor of this vehicle as a used good, nor that it was the retail seller in connection with a transaction where a warranty was provided." Reply at 4. It argues that it did not step into the role of a retailer because plaintiff "cannot[] allege that the vehicle at issue here was purchased as a CPO vehicle." Id. at 5.

The Court finds that Velador cannot bring a claim for breach of the implied warranty of merchantability against MBUSA because MBUSA was not the distributor or seller of the Vehicle. "[I]n the sale of used consumer goods, liability for breach of implied warranty lies with distributors and retailers, not the manufacturer, where there is no evidence the manufacturer played any role in the sale of the used car to plaintiff." Nunez v. FCA US LLC, 61 Cal. App. 5th 385, 398 (2021). Here, Velador has not alleged any facts suggesting that MBUSA played a role in his purchase of the Vehicle. Accordingly, the Court **GRANTS** MBUSA's motion to dismiss plaintiff's claim for breach of the implied warranty of merchantability in violation of Civil Code § 1791.1.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** MBUSA's motion to dismiss plaintiff's claims. The Court grants plaintiff leave to amend by February 20, 2024.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |