UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matt Xie | Nathaniel Cowden |

**Proceedings:** PLAINTIFF'S JOINT MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND CASE (Dkt. 21, filed on February 1, 2024)

## I. INTRODUCTION

Presently before the Court is plaintiff's joint motion for leave to amend and motion to remand to state court. Dkt. 21 ("Mot.").

On July 31, 2023, plaintiff David Velador filed a suit against defendant Mercedes-Benz USA, LLC ("MBUSA") and Does 1 through 10 in the Superior Court of the State of California for the County of Los Angeles alleging (1) violation of subdivision (d) of Civil Code Section 1793.2 for failure to replace/pay restitution for a vehicle that the manufacturer was unable to repair; (2) violation of subdivision (b) of Civil Code Section 1793.2 for failure to repair/conform the vehicle in a reasonable time or within thirty days; (3) violation of subdivision (a)(3) of Civil Code Section 1793.2 for failing to make available service literature and replacement parts during the express warranty period; (4) breach of express written warranty in violation of Civil Code Section 1794; and (5) breach of the implied warranty of merchantability in violation of Civil Code Section 1791.1. Dkt. 1-1 ("Compl."). On September 7, 2023, Velador removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On November 13, 2023, MBUSA filed a motion to dismiss and/or strike portions of plaintiff's complaint. On January 22, 2024, the Court granted MBUSA's motion to dismiss and granted Velador leave to amend. Dkt. 20.

On February 1, 2024, Velador filed the instant joint motion for (1) leave to amend his answer to add defendant Sonic Santa Monica M, Inc. ("Repair Shop") and (2) remand to state court. Specifically, he seeks to add a sixth cause of action for negligent repair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

against Repair Shop. Dkt. 21-4 at 10 ("Proposed FAC"). On February 12, 2024, MBUSA filed an opposition. Dkt. 23 ("Opp."). On February 20, 2024, Velador filed a reply in support of his joint motion. Dkt. 26 ("Reply").

On February 21, 2024, Velador filed a first amended complaint. Dkt. 28 ("FAC").

On March 4, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

On October 12, 2021, Velador purchased a pre-owned 2020 Mercedes-Benz A220W (the "Vehicle") that was manufactured by defendant Mercedes-Benz USA ("MBUSA"). See FAC ¶ 5. Velador purchased the Vehicle from Mercedes-Benz of Oxnard, an authorized Mercedes-Benz dealer located in Ventura County, California. Id. ¶ 12. He allegedly received "an express written warranty in which [d]efendant . . . undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Id. ¶ 16. The warranty also allegedly provided that, "in the event a defect developed with the Vehicle during the warranty period, [p]laintiff could deliver the Vehicle for repair services to a repair shop and the Vehicle would be repaired." Id.

Velador contends that, after he took possession of the Vehicle and during the warranty period, the Vehicle contained or developed a defective body system, electrical system, and safety system. Id. ¶ 18. He alleges that he "provided [d]efendant [MBUSA] . . . sufficient opportunity to service or repair the Vehicle" but MBUSA was "unable and/or failed to service or repair the Vehicle within a reasonable number of attempts." Id. ¶¶ 20-21. Velador additionally alleges that he "delivered the Vehicle to [d]efendant [Repair Shop] for repair on numerous occasions." Proposed FAC at 9. He claims that Repair Shop "breached its duty to [p]laintiff to use ordinary care and skill by failing to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards." Id.

Velador now brings this suit seeking actual damages, restitution, civil penalties, consequential and incidental damages, attorneys' fees, prejudgment interest, and any other relief the Court may deem proper. Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

### III.   LEGAL STANDARD

  **A.   Post-Removal Joinder**

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading once as a matter of course" at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, "if after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, "if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing 28 U.S.C. § 1447(e) ); see also Forward–Rossi v. Jaguar Land Rover N. Am., LLC, No. 2:16-CV-00949-CAS (KSx), 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016) (noting that "Rule 15 ... does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant").

When deciding whether to permit joinder under 28 U.S.C. § 1447(e), a court should consider five factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears valid. Forward–Rossi, 2016 WL 3396925, at *3; Clinco, 41 F. Supp. 2d at 1081–82. A court may also consider whether denying joinder will prejudice the plaintiff. Sandhu v. Volvo Cars of N. Am., LLC, No. 16-CV-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of N.Y. Mellon, No. 12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (quotation marks and citation omitted). The Ninth Circuit has recognized that "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder. [Accordingly], the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court[.]" Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

**B.   Motion for Remand**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted); see also Hale v. Bank of Am., N.A., No. CV 12-10064 MMM (PJWx), 2013 WL 989968, at *3 (C.D. Cal. Mar.13, 2013) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."); Davis v. Prentiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (suggesting that for fraudulent joinder to exist, a claim would have to be so weak as to merit sanctions under Federal Rule of Civil Procedure 11).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted). Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Id.; see also Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant").

In determining whether a party has been fraudulently joined, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.' " Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)). Whether a defendant simply attacks the pleadings or relies on submitted evidence, fraudulent joinder must be proven by "clear and convincing evidence." Pampilonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1988), cited with approval in Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

## IV. DISCUSSION

### A. Plaintiff's Motion for Leave to Add Repair Shop as a Defendant

Velador argues that Repair Shop is a necessary party because his claims against MBUSA and Repair Shop "arise from the same vehicle and the same failed attempt to repair the vehicle." Mot. at 7. Thus, resolution of these claims "would likely require many of the same documents and witnesses." Id. In opposition, MBUSA argues that Repair Shop is "not needed for a just adjudication of the claims being brought in the action," and claims that Velador "makes no attempt to explain . . . why [amendment would] be necessary to obtain complete relief for [p]laintiff's claims." Opp. at 16. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

particular, MBUSA claims that "under California Civil Code section 1793.2, MBUSA is ultimately responsible for the alleged failure of its service and repair facility, [Repair Shop], to make repairs to plaintiff's vehicle if liability is proven." Id. at 18. As a result, "the damages plaintiff could recover against MBUSA, or against [Repair Shop], are exactly the same." Id.

The Court finds that Repair Shop is not a necessary party to this action. Velador can pursue his claim against MBUSA for alleged failure to repair regardless of whether Repair Shop is joined as a defendant. Accordingly, the Court **DENIES** plaintiff's motion for leave to add Repair Shop as a defendant.

Because the Court find that the first factor is dispositive in this case, it does not reach the remaining § 1447(e) factors. See Cruz, 2012 WL 2838957 at *4 ("Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder.") (quotation marks and citation omitted); see also Newcombe, 157 F.3d at 691 ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder.").

    **B.**    **Plaintiff's Motion to Remand**

        1.    Amount in Controversy

Velador argues that removal was improper because MBUSA failed to show, by a preponderance of the evidence, that the amount in controversy in this action exceeds $75,000. Mot. at 11. He notes that "it is unclear from the face of the [c]omplaint and proposed amended [c]omplaint that the threshold is exceeded." Id. While the Song-Beverly Act permits a plaintiff to obtain a civil penalty of "*up to* two times the amount of actual damages," MBUSA allegedly has not proven that plaintiff is "entitled to the maximum civil penalties allowed – or, indeed, any penalties at all – such that civil penalties plus actual damages exceed $75,000." Id.

In opposition, MBUSA argues that it "has no burden to supply facts to support the amount [in controversy] by a preponderance of the evidence" because "[t]he allegations within [p]laintiff's [c]omplaint establish the amount in controversy is well over $75,000." Opp. at 6. It notes that Velador "does not allege that [he] cannot recover a civil penalty with respect to this matter, nor has [he] indicated that he has waived recovery above and beyond the $75,000[] jurisdictional requirement." Id. MBUSA contends that the potential civil penalties in this case are "properly included in calculating the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

controversy." Id. at 7.  At the time of removal, plaintiff was seeking replacement or restitution, "including the entire price paid or payable for the subject vehicle, incidental and consequential damages," and "a civil penalty of up to two times the amount of actual damages" for four of his five causes of action.  Id. at 8-9 (citing Compl. ¶¶ 22, 28, 31, 35).  The Vehicle was sold for a total price of $53,572.32, meaning plaintiff was "seeking to recover as much as $160,716.96 in damages, inclusive of a two-time civil penalty ($53,572.32 + [2x $53,572.32]) with respect to the subject vehicle's value alone, without taking into consideration whatever incidental and consequential damages [p]laintiff may prove, not to mention attorney[s'] fees."  Id. at 10.  In the alternative, the Kelly Blue Book (KBB) valuation of the Vehicle with the last known milage of the Vehicle in the relevant market was $25,316.00.  Id.  Thus, even based off the KBB valuation, plaintiff was seeking to recover "no less than $75,948.00 in damages, inclusive of a two-time civil penalty ($25,316.00 + [2x $50,632.00]) with respect to the subject vehicle's value alone, again, without taking into consideration whatever incidental and consequential damages [p]laintiff may prove, not to mention attorney's fees."  Id. at 11.

In reply, Velador argues that he alleged "damages in a sum to be proven at trial that exceeds $25,000."  Reply at 3 (citing Compl. ¶ 6).  He contends that this figure relates to his "total damages – not merely his actual damages."  Id. (internal quotations omitted).  He further claims that the Court should not consider civil penalties when assessing the amount in controversy in this case.  Id. at 4.  Nor should the Court allegedly consider attorneys' fees, as MBUSA "has not submitted a declaration that includes . . . typical hourly rates in Song-Beverly Act cases or billing records from past cases handled by counsel."  Id. at 6.

As a threshold matter, it appears that plaintiff did not initially challenge the removal of this action based on the amount in controversy requirement and only now raises this argument after the Court granted defendant's motion to dismiss.  Regardless, the Court finds that the amount in controversy requirement has been met in this case.  When a case "was initially filed in state court and later removed by [d]efendant, jurisdiction must be analyzed on the basis of the pleadings filed *at the time of removal* without reference to subsequent amendments."  Marcotte v. Gen. Elec. Cap. Servs., Inc., 709 F. Supp. 2d 994, 997 (S.D. Cal. 2010) (internal quotations omitted) (emphasis added).  Here, plaintiff sought "actual damages in the amount according to proof at trial," "restitution," "a civil penalty in the amount of two times [p]laintiff's actual damages," "consequential and incidental damages," "costs of the suit and [p]laintiff's reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07439-CAS (SSCx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | David Velador v. Mercedes Benz USA, LLC et al. | | |

attorneys' fees," and "prejudgment interest at the legal rate." Compl. at 8. MBUSA has provided evidence that the total sales price of the Vehicle was $53,572.32, and the KBB valuation of the Vehicle was $25,316.00 at the time of removal. Opp. at 10. The Court is persuaded that, regardless of potential offsets and the exact amount of attorneys' fees plaintiffs' may be awarded, the amount in controversy likely exceeds $75,000 with the inclusion of civil penalties. See Park v. Jaguar Land Rover N. Am., LLC, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination"). Thus, the Court may exercise diversity jurisdiction in this case and finds that remand is not appropriate.

    2.    <u>Complete Diversity of Citizenship</u>

Velador argues that Repair Shop "is a resident of California, and therefore its inclusion to this action divests the Court of diversity jurisdiction." Mot. at 12. Because the Court has denied Velador's motion for leave to add Repair Shop as a defendant in this action, it does not consider Velador's arguments regarding Repair Shop's citizenship.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for leave to add Repair Shop as a defendant and **DENIES** plaintiff's motion to remand.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |